# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELAINE M. MEREDITH,**

        **Plaintiff,**

**-vs-**                                                       **Case No.  6:05-cv-1246-Orl-28DAB**

**SCHOOL BOARD OF OSCEOLA COUNTY, FLORIDA, JONATHAN R. DAVIS,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL RESPONSES TO FIRST REQUEST TO PRODUCE (Doc. No. 47)** |
| **FILED:** | **January 22, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO COMPEL RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION AND ANSWERS TO INTERROGATORIES (Doc. No. 48)** |
| **FILED:** | **January 23, 2007** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

At issue is the proper scope of discovery in this action alleging violations of 42 U.S.C. § 1983 and other related matters pertaining to Defendants' non-renewal of Plaintiff's employment contract. Plaintiff, a teacher, alleges that she was terminated/non-renewed because she exercised her First Amendment rights to discuss with another teacher the reasons she believed the Principal (Defendant Jonathan R. Davis) was leaving his position at the school.

*Plaintiff's Motion to Compel*

Plaintiff seeks more specific responses to Requests to Produce Nos. 16, 21 and 22.

**Request 16**

Plaintiff asks the School Board to "supply all records and documents pertaining to and consisting of the FCAT scores, FCAT tests, FCAT preparation writings done by each and every class at Cypress Elementary School from August 2001 through May 2005." The School Board objected that the Request was overly broad, unduly burdensome, ambiguous and not likely to lead to any evidence. In large part, the Court agrees.

Plaintiff asserts that the reason for the Request is Davis' assertion that Plaintiff was not renewed, among other reasons, because "she refused to participate in a required FCAT preparatory writing tests." (Doc. No. 47). Thus, contends Plaintiff, these records are relevant to the credibility of Defendants. Giving full credence to this rationale, however, the Request does not seek FCAT documents relating to *Plaintiff*, but seeks all such documents from all classes, over a four year period of time. Plaintiff worked at the school for the 2002-2003 and 2003-2004 school years. The Request seeks documents preceding and following her tenure. Plaintiff has not shown how documents from other classes and teachers have any bearing on the issue of whether *Plaintiff* participated in required FCAT writings.

-2-

Moreover, in response, the School Board notes that the students have privacy interests in the documents sought. While such interests are not absolute and can be overruled in an appropriate context, such is not present here.

To the extent there are records reflecting Plaintiff's experience with the FCAT that are in the care, custody or control of the School Board and can be redacted to protect student privacy, such *may* be relevant, to the extent Defendants intend to rely on same, or lack of same, as grounds for Plaintiff's termination/non-renewal. Because the Request, as framed, is overbroad, however, the motion to compel is **denied, without prejudice** to Plaintiff narrowing the Request, after consultation with defense counsel, and after review of the publicly available materials regarding the school's experience with FCAT.

**Request 21**

In this Request, Plaintiff asks Defendants to "supply a list of names, addresses, and job titles of any and all teachers and instructional staff hired by the School Board . . . or by any school in Osceola County, from April 27, 2004, through September 30, 2005." Not surprisingly, Defendant objects that the Request is over broad and burdensome.

Plaintiff contends that she needs this information to challenge the credibility of the School Board's assertion, in Plaintiff's unemployment compensation proceeding, that she was terminated due to "lack of work." Plaintiff asserts that there were numerous openings for teachers in grammar school at the time she was terminated. Giving full credence to this rationale, however, Plaintiff has not shown how a list of *all* hires, with their addresses, is needed, as opposed to a list of *vacancies* that may have been in existence at the time of her termination/non-renewal. The Request, as framed, is not enforceable.

**Request 22**

In this Request, Plaintiff seeks "a printout of the attendance records, including any leaves of absences and a list of all paychecks for Jonathan R. Davis, during his employment in the Osceola School System." Defendant asserts the Request is too broad and burdensome.

The Court sees no relevance whatsoever as to these records.  Plaintiff asserts that the real reason she was not renewed was that she spoke with another teacher regarding a rumor that Davis "may have been leaving Cypress Elem. School because of an affair with another teacher."  Plaintiff asserts that there was also "a fact being circulated, among the teachers, that Mr. Davis had been involved with a teacher in the past and also that said prior involvement had resulted in Mr. Davis' taking a leave of absence from his duties." (Doc. No. 47 at p. 8).  Assuming, for present purposes, that the records might be relevant to ascertaining whether the gossip was true, Plaintiff has not articulated any connection between whether or not Davis had a past leave of absence (due to scandal or any other reason) and Plaintiff's cause of action for violation of her First Amendment rights.

The Eleventh Circuit employs a four-part test to determine whether an employer's actions constitute retaliation for protected speech in violation of the First Amendment. *See Bryson v. City of Waycross*, 888 F.2d 1562, 1565-66 (11th Cir.1989). The *Bryson* test examines: "(1) whether the employee's speech involves a matter of public concern, (2) whether the employee's interest in speaking outweighs the government's legitimate interest in efficient public service, (3) whether the speech played a substantial part in the government's challenged employment decision, and (4) whether the government would have made the same employment decision in the absence of the protected conduct." *Id.*  Nowhere in this analysis is Plaintiff required to prove, or the Court required to find, that

the speech was *truthful and accurate;* only that it was about a matter of public concern.  Put simply, Plaintiff is not required to be "right" in order for her speech on public concerns to be protected.

Viewed in this context, Plaintiff's First Amendment rights are not dependent upon whether or not Davis actually *was* having an affair or had an affair in the past.  The leave records would prove nothing relevant to this analysis. Nonetheless, in Defendants' response, the School Board offers to produce Davis' leave records (Doc. No. 54 at 7), so this point is moot.

As for pay records, there is no rationale offered as to why these records are needed.  The motion is denied.

*Defendant's Motion to Compel*

It appears from Plaintiff's response (Doc. No. 55), that Plaintiff takes the position that all records in existence have been produced.  As such, the Court cannot compel production of records that are not in the care, custody or control of the party.  Plaintiff, of course, is bound by this response and will not be heard later to claim that additional documents support her claims.  The motion is therefore **denied,** to the extent it seeks documents.  It is **granted** to the extent Plaintiff must supplement her answers to the Interrogatories.  Defendant is entitled to a formal, signed response.

**DONE** and **ORDERED** in Orlando, Florida on February 13, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-5-